UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UTICA MUTUAL INSURANCE COMPANY,                             :
                                                            :
                        Plaintiff,                          :
                                                            :
                     - against -                            :        No.: 12-cv-1293(NAM/TWD)
                                                            :
EMPLOYERS INSURANCE COMPANY                                 :
OF WAUSAU, and                                              :
NATIONAL CASUALTY COMPANY,                                  :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

**UTICA MUTUAL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................3

I.      The Reinsurance Agreements ...................................................................................3

II.     The Disqualification Dispute ....................................................................................3

        A.      Wisconsin Action................................................................................................3

        B.      New York Action................................................................................................4

ARGUMENT .......................................................................................................................5

I.      The Court Should Deny Defendants' Motion Because It Is Untimely .................5

II.     Utica Mutual Has Sufficiently Pled Subject Matter Jurisdiction......................6

III.    Utica Sufficiently Alleges a Section 5 Claim Under the FAA .............................9

IV.     The Court Should Deny Defendants' Motion Seeking A Stay Of This Action.................10

        A.      The New York Action Is Not Duplicative of the Wisconsin Action ....................10

        B.      Even If The Actions Are Duplicative, The Circumstances Support Giving
                Priority To The New York Action ........................................................................13

                (1)     Special Circumstances Exist Justifying Giving Priority To The
                        New York Action ................................................................................14

                (2)     The Balance of Convenience Favors The New York Action ...................15

                        (i)     Applicable Standard.................................................................15

                        (ii)    The Plaintiff's Choice of Forum ..............................................16

                        (iii)   The Convenience of Witnesses..................................................16

                        (iv)    The Location of Relevant Documents and Relative Ease of
                                Access To Sources Of Proof...................................................17

                        (v)     The Locus of Operative Facts....................................................17

                        (vi)    A Forum's Familiarity With The Governing Law.........................18

(vii)    Trial Efficiency And The Interest of Justice..................................18

CONCLUSION.................................................................................................................19

**<u>INTRODUCTION</u>**

This case arises out of a dispute under certain reinsurance agreements that Utica Mutual Insurance Company ("Utica Mutual") entered into with National Casualty Company ("National Casualty") and Employers Insurance Company of Wausau ("Employers Insurance") (collectively, "Defendants").  Pursuant to the reinsurance agreements, Utica Mutual demanded arbitration to resolve the disputes.  Rather than proceed with the arbitration, National Casualty and Employers Insurance claimed that Utica Mutual's counsel was prohibited from representing Utica Mutual in the arbitration.  Without providing Utica Mutual with any meaningful opportunity to respond to these baseless allegations, National Casualty then filed suit against Utica Mutual only one week later.

Utica Mutual filed this lawsuit against the Defendants to resolve both the disqualification dispute and Utica Mutual's claim regarding Defendants' refusal to appoint an Umpire in the arbitration, as required by the reinsurance agreements.  The Defendants have moved to dismiss Utica Mutual's Complaint.  The Court should deny the motion for four reasons, as set forth in more detail below.

First, Defendants' Motion is untimely.  Defendants' responsive pleading was due by September 20, 2012.  But Defendants did not file their Motion until September 24, 2012.

Second, contrary to the Defendants' claims, Utica Mutual's jurisdictional allegations are sufficient to invoke the Court's diversity jurisdiction.  In its Complaint, Utica Mutual alleged that it is a New York corporation with its principal place of business in New York.  *See* Compl. ¶ 2. Utica Mutual also alleged that "upon information and belief," National Casualty is a Wisconsin corporation with its principal place of business in Wisconsin, and that Employers Insurance is a

Wisconsin corporation with its principal place of business in Massachuetts.  *See* Compl. ¶¶ 3-4.[1]

These allegations satisfy Utica Mutual's obligation to plead diversity jurisdiction and,

significantly, the Defendants do not actually dispute the allegations that support jurisdiction here.

Defendants' claim that allegations of citizenship cannot be based upon "information and belief"

is frivolous.

Third, Utica Mutual's Complaint sufficiently states a claim for relief under Section 5 of

the Federal Arbitration Act ("FAA").  Defendants have not argued, much less demonstrated, that

Utica has failed to state a claim for relief under *Section 5* of the FAA.  Instead, Defendants argue

that Utica Mutual is actually seeking relief under *Section 4* of the FAA, which is simply not the

case.  *See* Defs.' Mem. Of Law in Supp. of Mot. To Dismiss at 6.  Therefore, there is no basis for

the Court to dismiss Utica Mutual's Section 5 FAA claim.

Finally, the Court should deny Defendants' motion seeking a stay of this action based on

the complaint filed in Wisconsin by National Casualty only.  This action is not duplicative of the

Wisconsin action.  One of the parties to this action, Employers Insurance, is not a party to the

Wisconsin action and, in addition, the Wisconsin action does not include Utica's FAA claims.

*See Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)

(duplicative actions means two lawsuits filed in two pending federal districts concerning the

same parties and issues); *Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328, 333

(S.D.N.Y. 2006) (same).  Moreover, even if the Court were to determine that this action is

duplicative, the balance of convenience and special circumstances require that this Court

exercise its jurisdiction, not surrender it.

---

[1] Utica Mutual has uncovered facts suggesting that National Casualty may actually be a Michigan, rather than Wisconsin, corporation.  *See* Ex. D, p. 11.  However, regardless of whether National Casualty is a Wisconsin or a Michigan corporation, there can be no dispute that there is complete diversity, and the Court, in fact, has subject matter jurisdiction.

Accordingly, the Court should deny Defendants' Motion to Dismiss, or in the Alternative, to Stay the Action.

<strong><u>BACKGROUND</u></strong>

**I.      The Reinsurance Agreements**

The dispute between the parties arises out of certain reinsurance agreements (the "Agreements") between Utica Mutual, on one hand, and National Casualty and Employers Insurance, on the other hand.  *See* Compl. at Exs. 1-2.  Pursuant to the Agreements, Utica Mutual sought reimbursement for amounts from National Casualty and Employers Insurance made in connection with certain claims (the "Underlying Claims").  *Id.* ¶ 9,11.

After National Casualty and Employers Insurance refused to reimburse Utica Mutual, Utica Mutual demanded arbitration, pursuant to the Agreements.  *Id.* ¶ 11.  Utica Mutual, National Casualty, and Employers Insurance then appointed their respective arbitrators for the arbitration.  *Id.* ¶ 12.  The Agreements provide that the appointed arbitrators shall appoint a third arbitrator (the "Umpire").  *Id.* ¶ 13, Ex. 1 § 16, Ex. 2 § 16.  The Agreements also specify that the arbitration hearings shall be held in Utica, New York or such other place as may be agreed.  *Id.* ¶ 14, Ex. 1 § 16, Ex. 2 § 16.

**II.     The Disqualification Dispute**

  **A.      Wisconsin Action**

Instead of proceeding with appointing an Umpire, National Casualty – and only National Casualty – filed a complaint against Utica Mutual in Wisconsin.  *See* Defs.' Mot. to Dismiss or, in the Alternative, to Stay this Action, Ex. 1.  Without any proper basis for avoiding the arbitration, National Casualty alleged that the attorneys at the law firm of Hunton & Williams LLP (H&W) who represent Utica Mutual in connection with the arbitration ("Arbitration Counsel"), and H&W generally, are prohibited from representing Utica Mutual.  *Id.* Ex. 1 ¶ 20.

3

National Casualty's allegations are based on the fact that certain other attorneys at H&W represented Utica Mutual in connection with the Underlying Claims, even though the attorneys did not represent National Casualty, and there is no basis for disqualification. *Id.* Ex. 1 ¶ 15-16.

Utica Mutual has filed a Motion to Dismiss National Casualty's Complaint. *See* Utica Mutual's Mem. In Supp. of Mot. to Dismiss or, in the Alternative, to Change Venue or Stay This Action, ECF No. 8, filed in *Nat'l Cas. Co. v. Utica Mut. Ins. Co.*, Case No. 3:12-cv-657 (W.D. Wis. Sept. 11, 2012), attached hereto as Ex. A. Utica Mutual argued that the Wisconsin federal court has no personal jurisdiction over Utica Mutual, since Utica Mutual does not engage in substantial and not isolated business activities in Wisconsin, as required under the Wisconsin statute relied on by National Casualty. *Id.* at pgs. 4-13. In addition, National Casualty's Complaint fails to state a claim for which relief can be granted. *Id.* at pgs. 13-23. [2]

After Utica Mutual filed this action against Employers Insurance (and National Casualty), Employers Insurance moved for permissive intervention in the Wisconsin case. Utica Mutual has opposed the motion because the request was untimely and, in any event, there is no personal jurisdiction, making Employers Insurance's claims futile. *See* Utica Mutual's Opp'n to Employers Insurance's Mot. to Intervene, ECF No. 17, filed in *Nat'l Cas. Co. v. Utica Mut. Ins. Co.*, Case No. 3:12-cv-657 (W.D. Wis. Sept. 11, 2012), attached hereto as Ex. B. Employers Insurance's motion is pending before the Western District of Wisconsin.

**B.    New York Action**

Even though both National Casualty *and Employers Insurance* were represented by the same counsel and even though both companies raised the same disqualification claim, National

---

[2] As an alternative ground for relief, Utica Mutual has asked the Western District of Wisconsin to transfer venue to the Northern District of New York or, at a minimum, stay the action in favor of this New York action, since this action is more comprehensive.

Casualty's Complaint did not include Employers Insurance. *See* Defs.' Mot. to Dismiss or, in the Alternative, to Stay this Action, Ex. 1. Accordingly, Utica filed this action against National Casualty *and Employers Insurance* (the "NDNY" action), because Utica sought a ruling that would specifically apply to both parties.

Utica Mutual filed the action in the NDNY because, among other reasons: 1) the arbitration provisions in the Agreements provide that any disputes between the parties are to be resolved in New York; 2) the Wisconsin federal court lacks personal jurisdiction over Utica Mutual; 3) the Wisconsin Complaint fails to state a claim for which relief can be granted; and 4) there is no dispute that New York has personal jurisdiction over all three parties – Utica Mutual, National Casualty, and Employers Insurance.

In this action, Utica seeks: a) a declaration that Arbitration Counsel should not be disqualified and the arbitration should proceed without further delay or obstruction; and b) an order that National Casualty and Employers Insurance follow – and not impede or obstruct – the methodology provided in the Agreements to appoint an Umpire or, alternatively, that an order should be issued appointing an Umpire. *See* Compl at p. 9.[3]

## **ARGUMENT**

### I.    **The Court Should Deny Defendants' Motion Because It Is Untimely**

The Court should deny Defendants' motion because it is untimely and procedurally defective.

---

[3] Defendants contend that Utica Mutual is seeking dismissal of National Casualty's claims in Wisconsin, which are, according to Defendants, the "same claims it is asking this Court to resolve here." This argument should be rejected for two reasons. First, Utica Mutual is not seeking a disqualification order here. Instead, Utica Mutual has pled facts sufficient to show that no disqualification is warranted. Second, as explained more fully below, the two actions are not identical. Employers Insurance is named as a defendant in this action, and this action also includes a FAA claim.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a responsive pleading must be served "within 21 days after being served with the summons and complaint."  Here, Defendants were served pursuant to N.Y. Ins. Law § 1212 (McKinney 2006) with the summons and complaint on August 30, 2012.  *See* Ex. C (acknowledging receipt of service on August 30, 2012).  *See Montefiore Med. Ctr. v. Auto One Ins. Co.*, 871 N.Y.S.2d 285, 286 (N.Y. App. Div. 2008) (Service upon the defendant is effectuated upon "delivery of the summons and complaint upon the Assistant Deputy Superintendent and Chief of Insurance" pursuant to N.Y. Ins. Law § 1212 (citing cases)).[4]

Defendants' responsive pleading was therefore due by September 20, 2012. Notwithstanding the deadline and without seeking leave of the Court, Defendants inexplicably waited until September 24, 2012 to file their Motion to Dismiss.  Defendants did not attempt to explain the delay, much less establish a sufficient basis for allowing the motion to be filed and considered.[5]

Accordingly, the Court should deny Defendants' motion as untimely.  *See United States v. Davis*, No. 2:09–CR–78 JCM (RJJ), 2012 WL 2995684, at *3 (D. Nev. July 23, 2012) (dismissing motion to dismiss that was untimely filed).

## II.   Utica Mutual Has Sufficiently Pled Subject Matter Jurisdiction

Even though Defendants do not dispute the factual basis for diversity jurisdiction, Defendants argue that Utica Mutual's Complaint somehow fails to establish subject matter

---

[4] *See also* New York State Dep't of Fin. Servs., "Insurance Industry: Frequently Asked Questions: Service of Legal Process or Legal Documents on Insurance Companies, Fraternal Benefit Societies, Registered Risk Retention Groups, Registered Purchasing Groups and Licensed Life Settlement Providers via the Superintendent of Financial Services ("Superintendent")," available at http://www.dfs.ny.gov/insurance/faqs/faqs_serv_pro_conind.htm (last visited Oct. 17, 2012) ("Service will be effective on the date the papers are received by the Department….").

[5] In addition to properly serving the Defendants pursuant to N.Y. Ins. Law § 1212, Utica Mutual sent Defendants' counsel a courtesy copy of the Complaint on August 20, 2012.  *See* Ex. E.

jurisdiction because Utica Mutual's allegations of citizenship rely upon "information and belief." As shown below, Utica Mutual's Complaint establishes that this Court has subject matter jurisdiction.

For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Utica Mutual's Complaint contains the following allegations:

> Utica Mutual is a corporation organized and existing under the laws of New York with its principal place of business located in New Hartford, New York…
>
> Upon information and belief, Employers Insurance is a corporation organized under the laws of Wisconsin with its principal place of business in Massachusetts…
>
> Upon information and belief, National Casualty is a corporation organized under the laws of Wisconsin with its principal place of business in Wisconsin…

Compl. ¶¶ 2-4. These allegations make clear that Utica Mutual is a citizen of New York, while Employers Insurance is a citizen of Wisconsin and Massachusetts, and National Casualty is a citizen of Wisconsin. The Defendants do not even dispute the allegations about citizenship. Accordingly, the Complaint alleges facts sufficient to demonstrate that diversity jurisdiction exists.

Moreover, it is of no significance that Utica Mutual's jurisdictional allegations are based upon "information and belief." Defendants' argument to the contrary is frivolous, as demonstrated by the very case law that Defendants rely on.[6] For instance, in *Medical Assurance Company v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), the Seventh Circuit *affirmed* the district

---

[6] The frivolous nature of Defendants' argument is also illustrated by the fact that Employers Insurance, represented by the same counsel, has pled allegations to support subject matter jurisdiction based on "information and belief" just like Utica has done here. *See* Ex. F (Complaint filed by Employers Insurance) ¶ 8 (alleging party's citizenship based upon information and belief).

court's finding of diversity jurisdiction, even though the diversity allegations were based on "information and belief."

Likewise, in *Sopeña v. Colejon Corp.*, 920 F. Supp. 259, 262 (D.P.R. 1996), the Court did not hold that allegations of citizenship based on "knowledge information and belief" are insufficient to establish diversity jurisdiction, as Defendants claim.  In that case, the defendant's notice of removal asserted that the "defendant [was] a corporation organized under the laws of and with its principal place of business in Ohio, and that 'based on knowledge information and belief, … Plaintiffs [were] residents of the Commonwealth of Puerto Rico.'" *Id.* (internal citation omitted).  The Court held that, because allegations of the plaintiffs' *residency* were insufficient to establish citizenship, diversity jurisdiction was not established, since it was not clear whether the parties were completely diverse.  *Id.*

Similarly, in *Gillepsie v.* Schomaker, 191 F. Supp. 8, 10 (E.D. Ky. 1961), the Court held that "allegation[s] that the parties are residents of a certain state is not sufficient for" diversity jurisdiction.  Just like in *Sopeña*, diversity jurisdiction was not established, not because the allegations were based on information and belief, but because the allegations relied exclusively on a party's residency, rather than citizenship.  *Id.*

Accordingly, even though certain allegations were based upon "information and belief," Utica Mutual has sufficiently pled subject matter jurisdiction.[7]

---

[7] As noted above, National Casualty and Employers Insurance do not even challenge the factual basis for diversity jurisdiction in this case.  In other words, Defendants do not contend that the parties are not diverse.  Therefore, even if the Court finds that the allegations are insufficient to establish diversity jurisdiction – which Utica Mutual disputes – the proper remedy is to allow Utica Mutual to amend the Complaint.  *See Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F. 2d 889, 893 (2d Cir. 1983) (28 U.S.C. § 1653 allows amendment of "defective allegations of jurisdiction… § 1653 should be broadly construed to avoid dismissals of actions on technical grounds") (citing *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 198-99 (2d Cir. 1967)).

**III.    Utica Sufficiently Alleges a Section 5 Claim Under the FAA**

Defendants contend that the Court has no authority to intervene under the FAA.  But Defendants' argument is based on a mischaracterization of Utica Mutual's actual claim.

Utica Mutual alleges that it entered into the Agreements with Defendants, and that "the Agreements constitute a transaction involving interstate commerce, to which the FAA is applicable."  Compl. ¶ 40.  Utica Mutual also alleges that under "Section 5 of the FAA, if an agreement provides the methodology to appoint an Umpire, and any party fails to avail itself of such method or if for any reason there is a lapse in appointing an Umpire, the court shall designate an Umpire, upon application by a party."  *Id.* ¶ 41.

"Utica Mutual seeks relief under Section 5 of the FAA."  *Id.* ¶ 42.  Specifically, Utica Mutual asks the Court to "order [National Casualty and Employers Insurance] to follow – and to not impede or obstruct – the methodology provided in the Agreements to appoint an Umpire and to allow the arbitration to proceed."  *Id.* at ¶ 43.  Alternatively, Utica Mutual asks the Court "to appoint an Umpire selected from three candidates to be nominated by Utica Mutual."  *Id.* at ¶ 44.

Ignoring Utica Mutual's allegations and the specific basis for its claim, Defendants contend that the Court has no authority to intervene under the FAA, because they argue that Section 4 of the FAA allegedly does not permit intervention absent a refusal to arbitrate.  *See* Defs. Mem. Of Law in Supp. of Motion to Dismiss at 6 (citing to Section 4 of the FAA).[8]  In other words, Defendants contend that this Court should dismiss the Complaint because Utica Mutual has failed to state a claim for which relief can be granted under Section 4 of the FAA.

---

[8] The cases relied upon by Defendants were likewise decided under Section 4.  *See PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3d Cir. 1995) (discussing whether a cause of action to compel arbitration under Section 4 of the FAA accrued);*Carrington Capital Mgmt., LLC v. Spring Inv. Serv., Inc.*, 347 F. App'x 628, 631 (2d Cir. 2009) (determining whether a party refused to arbitrate based on Section 4 of FAA).

But Defendants' argument about Section 4 is irrelevant for the simple reason that Utica Mutual is not seeking relief under Section 4.  *See* Compl. ¶¶ 39-44 (alleging Section 5 claim). Indeed, it is clear from the Complaint that Utica Mutual's claims are based on Section 5 of the FAA.  *Id.*  And there can be no dispute that Utica Mutual's claim for relief may be pursued as a Section 5 claim because Section 5 applies when there is "a lapse in the naming of an arbitrator ... or in filling a vacancy."  9 U.S.C. § 5.  Here, there is a lapse in selecting the third arbitrator (the Umpire) because the Defendants have refused to proceed with selecting the Umpire.  *See AIG Global Trade & Political Risk Ins. Co. v. Odyssey Am. Reins. Corp.*, No. 05 Civ. 9152, 2006 U.S. Dist. LEXIS 73258, at *20 (S.D.N.Y. Sept. 21, 2006) (where no action had been taken in selecting an umpire, court determined that an order will be entered to select replacement umpires pursuant to Section 5).  Because Defendants have not even attempted to show that Utica has failed to state a claim for relief under Section 5, there is no basis to dismiss Utica Mutual's claim under Section 5.[9]

## IV.  The Court Should Deny Defendants' Motion Seeking A Stay Of This Action

In addition, the Court should refuse to stay this action in favor of the less comprehensive Wisconsin action.

### A.  The New York Action Is Not Duplicative of the Wisconsin Action

As a threshold matter, to determine whether a stay is appropriate, the court must first determine whether a similar litigation is truly duplicative.  *See Curtis v. Citibank*, 226 F.3d 133,

---

[9] In addition, even if Utica Mutual's claim could be construed as a claim arising under Section 4 of the FAA, Defendants' argument still fails.  Defendants have conceded that they refuse to arbitrate *until the disqualification issue is resolved*, which constitutes a rejection of arbitration.  *See Carrington Capital Mgmt., LLC*, 347 F. App'x  at 631 n.2 (placing conditions on arbitration is "functionally refusing to arbitrate," since the party is essentially making demands to which it is not entitled under the arbitration agreement); *id.* at 630 (explaining that "[a] party has refused to arbitrate if it 'commences litigation'" (internal citations omitted)).

10

136 (2d Cir. 2000). A court must be careful "not to be swayed by a rough resemblance between the two suits without assuring itself … [that] the claims asserted in both suits are also the same." *Id.* at 136.

Here, this suit is not duplicative of the Wisconsin action. *See Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) (duplicative actions means two lawsuits filed in two pending federal districts concerning *the same parties and issues*); *Employers Ins. of Wausau v. News Corp.*, 439 F. Supp. 2d 328, 333 (S.D.N.Y. 2006) (same); *see also RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (holding that even though the general subject matter was the same in various actions, the litigation was not duplicative); *Shchegol v. Rabinovich*, No. 98 Civ. 5616 (MBM), 1999 WL 398025, at *5 (S.D.N.Y. June 9, 1999) (mere overlap is insufficient to show duplicative litigation).

First, the parties in the two cases are not the same. The Wisconsin action is limited to National Casualty's claims against Utica Mutual. In this action, although Utica Mutual has sued National Casualty, it has also named Employers Insurance as a defendant, since Employers Insurance raised the exact same disqualification dispute and has, just like National Casualty, refused to proceed with appointing an Umpire in the arbitration. Accordingly, the parties are not identical in the two actions, and the motion to dismiss or stay this action should be denied. *See Burton v. Exxon Corp.*, 536 F. Supp 617, 623-24 (S.D.N.Y. 1982) (dismissal not warranted when parties and main issues not identical); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1552 (11th Cir. 1986) (reversing dismissal where second action had additional defendants).[10]

---

[10] As noted above, after Utica Mutual filed this action, Employers Insurance moved to intervene in the Wisconsin case. Utica Mutual has opposed the motion because the request was untimely and, in any event, there is no personal jurisdiction, making Employers Insurance's claims futile. *See* Ex. B. Employers Insurance's motion is pending before the Western District of Wisconsin.

Second, the causes of action in this case and the Wisconsin case are different.  In the Wisconsin action, National Casualty has sought a declaration regarding the disqualification dispute.  In contrast, in the instant action, Utica Mutual has asserted claims relating to the disqualification dispute *and a claim for relief under the FAA*.  Accordingly, the causes of action in the two cases are different.

Third, the relief sought in this action and the Wisconsin action are not the same.  In the Wisconsin action, National Casualty seeks a declaration that Utica Mutual's counsel be disqualified from representing Utica Mutual in the arbitration.  In this action, Utica Mutual is seeking additional relief, since Utica Mutual has named Employers Insurance as a defendant and has asserted a claim under the FAA.  As a result, only this Court can comprehensively resolve the dispute between Utica, on the one hand, and National Casualty and Employers Insurance, on the other hand.  *See Hyrpo, Inc. v. Seeger-Wanner Corp.*, 292 F. Supp. 342, 344 (D. Minn. 1968) ("a court should seek to determine which of the two actions will serve best the needs of the parties by providing a comprehensive solution of the general conflict").

Accordingly, because this action is not duplicative of the Wisconsin action, the Court should refuse to stay this action.  *See Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (reversing district court's decision to abstain because the defendant in the federal case was not a defendant in the state court litigation and the federal case had a claim that was not at issue in the state litigation); *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) (reversing district court's decision to abstain because of "differences in parties and issues" in the two cases).

12

B.     **Even If The Actions Are Duplicative, The Circumstances Support Giving Priority To The New York Action**

Even if the Court determines that the New York and Wisconsin actions are duplicative – which Utica Mutual disputes – the Court should still not stay this action in favor of the less comprehensive Wisconsin action.

Defendants contend that the Court should not engage in "gratuitous interference" with the Wisconsin action and that the Court has "inherent authority to control its own docket in light of a parallel court action."  Defs.' Br. at 7-8.  Defendants rely upon *C Fink Family Trust v. Am. Gen. Life Ins. Co.*, No. 10 Civ. 9230, 2011 WL 1453793, at *2 (S.D.N.Y. April 7, 2011) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), in apparent support for their argument.  *Id.* But *C Fink Family Trust* and *Brillhart* are inapposite, since both cases require that the other action be pending in *state court* – which is not the case here, and, in any event, would only apply to the declaratory judgment claim, not the FAA claim.  *See C Fink Family Trust*, 2011 WL 1453793, at *2; *Brillhart,* 316 U.S. at 495.

Defendants next argue that the Court should stay this action in favor of the Wisconsin action because of the first-filed rule.  However, the first-filed rule is not to be applied rigidly. *See Hanson PLC v. Metro-Goldwyn-Mayer Inc.*, 932 F. Supp. 104, 106 (S.D.N.Y. 1996 ) ("The first-filed rule is not to be applied mechanically"); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (affirming district court's decision to dismiss claim in order to "discourage duplicative litigation" and explaining that the Seventh Circuit does not rigidly adhere to a "first to file" rule) (internal citations omitted); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir.1987) (finding that the "mere fact" that a plaintiff filed its action first "does not give it a 'right' to choose a forum").  More importantly, as Defendants' concede, the first-filed rule is not to be followed if "the balance of convenience"

13

favors the New York action or if "special circumstances" exist which would justifying giving

priority to the New York action.  *Hanson PLC*, 932 F. Supp. at 106.

> **(1)      Special Circumstances Exist Justifying Giving Priority To The New York Action**

Four special circumstances exist which justify giving priority to the New York action,

each of which provide an independent basis for this Court to refuse to stay this action.

First, the parties dispute whether the Wisconsin court even has personal jurisdiction over

Utica Mutual.  In contrast, there is no dispute that this Court has personal jurisdiction over all

three parties – Utica Mutual, National Casualty, and Employers Insurance.  Therefore, it will be

more efficient for this dispute to proceed in New York, because the resources of the parties and

the Wisconsin court will be preserved, since there will be no need to litigate the personal

jurisdiction dispute.

Second, the Wisconsin action does not include all of the necessary parties. *See Delamere

Co. v. Taylor-Bell Co.*, 199 F. Supp. 55, 59 (S.D.N.Y. 1961) (finding special circumstances exist

where the first-filed suit is against the customer of an alleged patent infringer, while the second

suit involves the infringer directly).  Therefore, if this case is stayed in favor of the Wisconsin

action, Utica Mutual will be forced to litigate the disqualification issue against National Casualty

in Wisconsin and then potentially re-litigate the same disqualification dispute in New York

against Employers Insurance, since Employers Insurance is not a party in Wisconsin.[11]

Third, the Wisconsin action will not adequately resolve all of the claims.  Utica Mutual's

FAA claim exists in New York, but not Wisconsin.  And, Utica Mutual cannot assert its FAA

claim in Wisconsin, because that court lacks personal jurisdiction over Utica Mutual.  Therefore,

---

[11] As noted above, although Employers Insurance has sought to intervene in the Wisconsin case, the Wisconsin court should not allow it to intervene, as Utica has argued.  Employers Insurance's intervention motion is pending.

if this case is stayed in favor of the less comprehensive Wisconsin action, Utica Mutual will be forced to fully litigate the disqualification claim in Wisconsin and then come back to New York to litigate the FAA claim.  This will allow National Casualty and Employers Insurance to substantially delay the arbitration process and, consequently, their obligations under the Agreements, which will unduly prejudice Utica Mutual.

Fourth, and finally, because the New York action is more comprehensive, the adjudication of the claims in New York, rather than in Wisconsin, will promote wise judicial administration.  Rather than litigating the disqualification dispute in Wisconsin against National Casualty and then litigating the same disqualification dispute against Employers Insurance in New York, it is more efficient to resolve these disputes in one action in New York.  Likewise, rather than litigating the disqualification dispute in Wisconsin and litigating the FAA claim in New York, judicial efficiency supports resolution of both claims, simultaneously, in New York.

In summary, special circumstances support giving priority to the New York action over the less comprehensive Wisconsin action.

### (2)   The Balance of Convenience Favors The New York Action

#### (i)   Applicable Standard

Even if the Court finds that special circumstances do not exist, New York is still the proper forum because the balance of convenience clearly favors New York over Wisconsin.

Factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue.  *See Employers Ins. Wausau v. Fox Entertainment Group,* 522 F.3d 271, 275 (2d Cir. 2008).  Among these factors are: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the locus of operative facts; (5) the convenience of the parties; (6) the availability of process to compel the attendance of unwilling

15

witnesses, and (7) the relative means of the parties. *Id.* (internal citations omitted).  Courts also

consider other potentially relevant factors such as "the forum's familiarity with the governing

law" and "trial efficiency and the interest of justice, based on the totality of the circumstances."

*See Ivy-Mar Co. v. Weber-Stephen Prods. Co.*, No. 93 Civ. 5973 (PKL), 1993 U.S. Dist. LEXIS

17965, at *4 (S.D.N.Y. Dec. 21, 1993).

     "There is no rigid formula for balancing these factors and no single one of them is

determinative." *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

Instead, the balance of convenience analysis is "essentially an equitable task left to the Court's

discretion." *Id.*

### (ii)    The Plaintiff's Choice of Forum

     The  plaintiff's choice of forum favors New York over Wisconsin.  Utica Mutual is the

plaintiff in this action, and New York is Utica Mutual's home forum.  Under New York federal

law, therefore, New York as a forum is given "substantial weight."  *See Coker v. Bank of*

*America*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997); *De Jesus v. Nat'l R.R. Passenger Corp.*, 725 F.

Supp. 207, 208 (S.D.N.Y. 1989) (same).  Accordingly, the Court should find that this factor tilts

heavily in favor of New York. [12]

### (iii)    The Convenience of Witnesses

     The convenience of both party and nonparty witnesses also favors New York over

Wisconsin.  Here, the disqualification dispute and the FAA claim relate to the Underlying

---

[12] Defendants contend that they are parties operating their business in Wisconsin and the injury they suffer will be experienced in Wisconsin.  But, as to National Casualty, it is unclear whether this statement is even true.  It appears that National Casualty may have been organized under the laws of Michigan.  *See* Ex. D, p.11.  And National Casualty's own complaints, filed after this action was commenced, state that the company's principal place of business is in Arizona, not in Wisconsin, as alleged in this case.  *See* Ex. G.  Therefore, since Wisconsin may not even be National Casualty's home forum, the Court should reject any argument that "National's Casualty's right to choose a forum should be honored."  Defs. Br. at 10.

Claims, and Utica Mutual representatives who are capable of testifying about the disqualification

dispute, the Agreements and the Underlying Claims, reside in New York.  Because Defendants

have not identified *any* witnesses in this action that reside in Wisconsin, the Court should find

that this factor weighs heavily in favor of New York.  *See Aerotel, Ltd. v. Sprint Corp.*, 100 F.

Supp. 2d 189, 197 (S.D.N.Y. 2000) (the convenience of both party and nonparty witnesses is

sometimes considered the "single most important factor in the analysis.").

> **(iv)    The Location of Relevant Documents and Relative Ease of
> Access To Sources Of Proof**

The location of relevant documents and relative ease of access to sources of proof also

favors New York.  Utica Mutual is based out of New York, and none of its documents at issue

are in Wisconsin.  Since National Casualty does not identify any documents at issue that are

located in Wisconsin, this factor tilts in favor of New York.

> **(v)    The Locus of Operative Facts**

The location of operative facts is traditionally an important factor to be considered in

deciding where a case should be tried.  *See Mobile Video Servs., Ltd. v. Nat'l Ass'n of Broadcast*

*Emps. & Technicians, AFL-CIO*, 574 F. Supp. 668, 670-71 (S.D.N.Y. 1983); *Copulsky v.*

*Boruchow*, 545 F.Supp. 126, 128-29 (E.D.N.Y. 1982).  Here, the "locus of operative facts" or

"site of the events from which the claim arises" favors New York over Wisconsin.  The

Agreements specifically called for any disputes to be resolved in New York; the Agreements

were executed in final form in New York; and the harm to Utica Mutual is being experienced in

New York.  Although Defendants assert in their Motion to Dismiss that Wisconsin is the locus of

operative facts, they have not pointed to any specific acts occurring within Wisconsin to justify

this conclusory assertion, other than the fact that Defendants have offices located in Wisconsin.

Therefore, this factors weighs in favor of New York.

### (vi)   A Forum's Familiarity With The Governing Law

New York also has more familiarity with the governing law.  Defendants contend that Arbitration Counsel, and H&W generally, are prohibited from representing Utica Mutual based on a violation of the ethical rules of New York and Pennsylvania.  New York therefore is the more appropriate forum, since New York has more familiarity with its own ethics rules and, in addition, New York has more familiarity with determining whether its own ethics rules require disqualification.[13]

### (vii)   Trial Efficiency And The Interest of Justice

Finally, considerations of trial efficiency and the interests of justice favor New York over Wisconsin, since New York has the more comprehensive case.  Thus, litigation of this dispute in New York, rather than Wisconsin, will conserve judicial resources, avoid duplicative litigation and discovery, and eliminate the potential for inconsistent rulings.[14]

In summary, the totality of the balance of convenience analysis favors New York over the less comprehensive Wisconsin action.  As a result, the Court should refuse to stay this action.[15]

---

[13] Although the parties do not agree which jurisdiction's ethics rules or disqualification law governs, there is no basis to apply Wisconsin law, and the Defendants do not claim otherwise.  Therefore, the Wisconsin court's familiarly with Wisconsin law should be immaterial.

[14] The final three factors – the convenience of the parties, the availability of process to compel unwilling witnesses, and the relative means of the parties – are even balanced and do not favor Wisconsin over New York.

[15] The Court can ignore Defendants' arguments relating to its request for a stay even if the Wisconsin action is remanded to state court because the Wisconsin action remains pending in federal court, and the deadline for Defendants to move for a remand to state court has already passed.  *See* 28 U.S.C § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"; here, the notice of removal in Wisconsin was filed on September 11, 2012).  To that end, the cases relied upon by Defendants in Section III(C) of their memorandum are inapposite because those cases only govern when a separate action is pending in *state court*, which is not the case here.

## <u>CONCLUSION</u>

For the foregoing reasons, Utica Mutual respectfully requests that Defendants' motion seeking dismissal and a stay of this action be denied.  In the event that the Court determines that Utica Mutual has failed to adequately allege subject matter jurisdiction or the FAA claim, Utica Mutual requests leave to file an amended complaint.

Dated: October 19, 2012

Respectfully submitted,

/s/ Syed S. Ahmad
Walter J. Andrews
Syed S. Ahmad
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:  (703) 714-7400
wandrews@hunton.com
sahmad@hunton.com

*Counsel for Defendant Utica Mutual Insurance Company*