UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                                                                   :

UTICA MUTUAL INSURANCE COMPANY,    :   No.: 6:12-CV-1293 (NAM/TWD)
                                                                          :
          Plaintiff,                                     :
                                                      :
  -against-                                   :   Reply Memorandum in Support of
                                                      :    Motion to Dismiss or, in the
EMPLOYERS INSURANCE COMPANY        :   Alternative, to Stay this Action
OF WAUSAU, and                                :
NATIONAL CASUALTY COMPANY,          :
                                                      :
          Defendants.                                :
                                                     :
-------------------------------------------------------------X

## Introduction

Employers Insurance Company of Wausau ("Wausau") and National Casualty Company ("National Casualty") brought this motion because a parallel action had already been filed against Utica Mutual Insurance Company ("Utica") in Wisconsin. Both actions pose the identical question: Should Hunton & Williams be disqualified from any further representation adverse to Wausau or National Casualty? Rather than move to a substantive resolution of that question, Utica has played one procedural game after another. This motion hopes to bring those games to an end.

Utica's Complaint fails to make the required affirmative allegations that would establish jurisdiction. Instead, Utica tries to make multiple, conflicting arguments about the actual citizenship of National Casualty. Requiring it to make such allegations affirmatively will bring those games to an end. Of course, if it fails to do so, its

Complaint should be dismissed because it has failed to adequately establish that this Court has jurisdiction over the dispute. As to its request that this Court order the parties to arbitration, Utica has failed to allege the facts that would support such a claim under the Federal Arbitration Act ("FAA"). For these reasons, Utica's Complaint should be dismissed.

Absent outright dismissal on these substantive grounds, this action should be stayed or dismissed in favor of the first-filed action pending in Wisconsin. All procedural issues are fully briefed in that action, the court there has issued a scheduling order establishing a trial date, and Utica has failed to rebut the presumption that favors the first-filed action.

To put an end to the procedural gamesmanship of Utica and to further a substantive resolution of the issues between these parties, Wausau and National Casualty ask this Court to dismiss Utica's Complaint.

**Update on Factual Background**

Since Wausau and National Casualty filed this motion, the Wisconsin action has continued to move forward. The parties have submitted their Rule 26 report and participated in a pretrial conference. (Affidavit of Melissa M. Weldon (Weldon Aff.), Ex. 1.) The court in Wisconsin has now issued a scheduling order to control the proceeding going forward. (*Id.*, Ex. 2.) Discovery will proceed following rulings on the parties' pending motions, dispositive motions will be briefed no later than June 3, 2013, and, if necessary, a two-day trial will begin on November 4, 2013. (*Id.*)

All procedural motions are fully briefed before the Wisconsin Court as well. Utica has filed a motion to dismiss, contending that the Court lacks jurisdiction over it and that the complaint there (virtually identical to Count One of Utica's Complaint here) fails to state a claim upon which relief can be granted. National Casualty has vigorously opposed that frivolous motion:

- Utica, doing ongoing business with a Wisconsin corporation in Wisconsin and consistently taking advantage of the Wisconsin courts is subject to jurisdiction there; and

- Utica's contention that the disqualification claim should be dismissed for failure to state a claim is belied by its own disqualification claim brought here.

These issues were fully presented in National Casualty's opposition brief to the Wisconsin court. (*Id.*, Ex. 3.) As of October 19, that motion has been fully briefed.

Likewise, Wausau has moved to intervene in the Wisconsin Action. (*Id.*, Ex. 4.) Utica opposed the motion, and that motion has been fully briefed as of October 23. The Wisconsin Court then is considering both of these matters.

National Casualty has proposed that the parties move forward with substantive discovery while the procedural matters are being resolved. (*Id.*, Ex. 1.) Because discovery will be virtually identical in either proceeding, there is simply no need for further delay. Utica resisted moving forward, though, refusing to engage even in basic Rule 26 disclosures. (*Id.*) The Wisconsin court, at Utica's urging, agreed to stay any discovery until the pending motions are decided. Nonetheless, all motions in Wisconsin are now fully briefed and Wausau and National Casualty stand ready to proceed to discovery as soon as the Wisconsin court rules on those motions.

**Argument**

**I.    Utica's Jurisdictional Allegations Remain Insufficient and Justify Dismissal of its Complaint.**

In response to its defective allegations of jurisdiction, Utica attempts to distinguish relevant cases from other jurisdictions, but fails to address in any fashion the standard applicable to cases from this jurisdiction.  As a practical matter, it appears that Utica remains reluctant to take an affirmative position on the citizenship of Wausau or National Casualty.  Of course, one of its primary techniques in both this action and the Wisconsin action is to argue that National Casualty is not "really" a citizen of Wisconsin.  Here, it contends, without real support, that National Casualty might be a Michigan corporation or an Arizona corporation.  (Utica Am. Opp'n 2 n.1 and 16 n.12, ECF No. 18.)  In the Wisconsin action, Utica has made similar arguments to bolster its position that the Wisconsin courts, where these issues were first filed, should not exercise their jurisdiction.

Utica's gamesmanship aside, applicable law here makes clear that jurisdiction must be affirmatively and definitively alleged.  Nor is this an issue that the Court, a court of limited jurisdiction, can simply avoid or defer:  "A federal court's lack of subject matter jurisdiction is not waivable by the parties, and [the court] must address jurisdictional questions before reaching the merits." *Leveraged Leasing Admin. Corp. v. Pacificorp Capital, Inc.*, 87 F.3d 44, 47 (2nd Cir. 1996).  And, under the law of this jurisdiction, allegations regarding jurisdiction must be adequately established.  *John Birch Soc'y v. Nat'l Broad Co.*, 377 F.2d 194, 1999 (2nd Cir. 1967).  *See also Simmons v.*

4

*Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (requiring that "[d]iversity must be alleged with detail and certainty"). Based on this standard, jurisdictions who have considered the question have rejected allegations of jurisdiction based solely on "information and belief."[1] Utica's decision to ignore the applicable standard here and instead try to make factual distinctions about cases from other jurisdictions does nothing to correct the defects of its jurisdictional allegations.

Given those defects, this Court is well within its authority to dismiss Utica's Complaint. At a minimum, it must assure itself that it has jurisdiction over this matter.[2]

## II.   Utica Fails to Allege a Claim Ripe for Resolution under the FAA; This Claim Should be Dismissed.

A court lacks the authority to act under the FAA unless there has been an actual refusal to arbitrate or a lapse in the arbitrator-selection process. Utica's claim under the FAA fails to allege facts to support either of these critical elements necessary before a court can act. That failure eradicates any claim.

---

[1]  *See, e.g., Medical Assurance Co., Inc. v. Hellman,* 610 F.3d 371, 376 (7th Cir. 2010) ("[W]e have said that affidavits alleging citizenship based on 'the best of my knowledge and belief' are, by themselves, insufficient to show citizenship in a diversity case."); *Sopena v. Colejon Corp.*, 920 F. Supp. 259, 262 (D.P.R. 1996) (stating that an allegation 'based on knowledge information and belief' is insufficient because "[s]uch a generalized allegation regarding plaintiffs citizenship is insufficient to assert diversity jurisdiction"); *Gillepsie v. Schomaker*, 191 F. Supp. 8, 10 (E.D.Ky. 1961) (finding that an allegation based on information and belief is "not an affirmative allegation of facts on which the court must conclude that jurisdiction prevails"). While Utica attempts to distinguish the facts of these cases, it fails to address the unmistakable conclusion that each refused to accept jurisdictional allegations made solely on information and belief.

[2]  Certainly, the Court can satisfy itself that it has jurisdiction by requiring Utica to amend its Complaint as Utica proposes. It must, at a minimum, however, require such an amendment to ensure that jurisdiction is established. And, of course, Utica has presented no legitimate reason for its failure to allege jurisdiction with certainty as the law requires.

Utica's contention that it is only seeking relief under § 5 of the FAA is neither practically accurate nor is it legally relevant.  Utica, in its Complaint, indicates that it will ask this Court to order Wausau and National Casualty to allow the arbitration to proceed.  (Compl. ¶ 43, ECF No. 1.)  The Court can only do so, however, under § 4 of the FAA, the provision which allows a court to order parties to proceed to arbitration:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, . . . ***for an order directing that such arbitration proceed in the manner provided for in such agreement.***

28 U.S.C. § 4 (emphasis added).  An order directing the arbitration to proceed in the manner provided for in the agreement is exactly what Utica is asking this Court to grant.  And, instead of alleging that Wausau and National Casualty are failing, neglecting, or refusing to arbitrate, Utica instead admits that the parties have all appointed their respective arbitrators and stand ready to arbitrate as soon as the disqualification issue is resolved.  (Compl. ¶¶ 19-20, ECF No. 1.)

Nor does Utica adequately allege a claim under § 5 of the FAA, which expressly requires that one party "fail to avail himself" of the arbitrator selection process or that a "lapse" in the process exist before the court has the authority to intervene in a private arbitration agreement.  And, again, Utica does not allege the facts that would support a failure to avail or a lapse in the arbitration process.  Rather, both parties wish to proceed to arbitration.  Not only does Utica fail to dispute this, but it expressly admits it.  (Compl. ¶¶ 19-20, ECF No. 1.)

Whether or not Utica wants to pretend that it is only invoking § 5 of the FAA, the case law is clear that a court lacks the authority to compel a party to arbitrate a claim where there has not been an unequivocal refusal to arbitrate.  *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1066 (3rd Cir. 1992).  *See also Carrington Capital Mgmt., LLC v. Spring Inv. Serv., Inc.*, 347 F. App'x

628, 631 (2nd Cir. 2009) (affirming dismissal of motion to compel arbitration where dispute over location did not amount to refusal to arbitrate).

Failing to allege that any party is unwilling to arbitrate this dispute, and, in fact, alleging that all parties stand ready to arbitrate once the disqualification issue is resolved, Utica fails to state a claim under the FAA upon which relief can be granted. The claim should be dismissed.

### III.    Under Applicable Law, the Court Should allow the First-Filed Wisconsin Action to Proceed.

Utica raises one untenable argument after another to contend that its second-filed action should be allowed to proceed, despite the fact that the natural plaintiffs—those injured by the disqualification issue—are Wisconsin residents entitled to their choice of forum and despite the fact that both actions present the very same issue.

Given that the same question has been asked and will be answered in either action, Utica's contention that the two actions are not duplicative cannot stand. In bringing the action in Wisconsin, plaintiffs there ask the court a single question:

- Should Hunton & Williams be disqualified from any further adverse representation against National Casualty or Wausau?

And, what is the primary question that Utica asks this Court to answer?

- Should Hunton & Williams be disqualified from any further adverse representation against National Casualty or Wausau?

Once this singular question is answered, all parties stand ready to proceed to arbitration. The "differences" which Utica claims exist are illusory differences of its own making.

Utica claims that the actions are different because the parties are not identical. But, that will soon change. In fact, had Utica not opposed Wausau's motion in

Wisconsin, this issue would have already been corrected and all parties would be present in both actions.

Utica further claims that the actions are different because it has brought a claim under the FAA. Because it has failed to adequately allege facts to support such a claim, that claim does not present a real difference. Moreover, the question is not whether all claims are raised in both actions but whether all claims and issues can be resolved in a single action. *Adam v. Jacobs*, 950 F.2d 89, 93 (2nd Cir. 1991); *Van Wegner Enters., LLC v. Brown*, 367 F. Supp.2d 530, 531 (S.D.N.Y. 2005). They can. Utica, once it answers the Wisconsin Complaint, can simply include any valid claim under the FAA as a counterclaim there.

Because this action is duplicative of the action first filed in Wisconsin, the presumption is that the Wisconsin action should be allowed to proceed.[3] *Hanson PLC v.*

---

[3] At the time when Wausau and National Casualty needed to file their motion, they retained their right to remand the Wisconsin action back to state court where the complaint was initially filed. As Utica points out, the time for remand has passed. Therefore, the standard when there is another pending state court action does not apply. Instead, the first-filed rule which applies to two parallel federal actions controls.

Interestingly, a number of the cases that Utica cites in opposition are matters involving one action pending in federal court and another pending in state court. *See, e.g., Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2nd Cir,. 1986) *and Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591 (2nd Cir. 1988), *cited by* Utica at Opp'n Mem. 12. Those cases do not control here.

Many of the other cases cited by Utica are not controlling either. Some have been overturned, *see, e.g., Employers Ins. of Wausau v. News Corp.*, 439 F. Supp.2d 328 (S.D.N.Y.), *rev'd*, 522 F.3d 271 (2nd Cir. 2008); some address unrelated issues such as res judicata or claim preclusion, *see, e.g., Shchegol v. Rabinovice*, No. 98 Civ. 5616, 1999 WL 398025 (S.D.N.Y. June 9, 1999) (claim preclusion) *and I.A. Durbin Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541 (11th Cir. 1986) (res judicata); and many are from other jurisdictions

*Metro-Goldwyn-Mayer, Inc.*, 932 F. Supp. 104, 106 (S.D.N.Y. 1996). Given that presumption, Utica bears the burden of showing that special circumstances or concerns of convenience should trump the well-established first-filed rule. *Id.* It has failed to meet the burden.

Special circumstances can support a very limited exception. It applies when the first-filed action was merely a race to the courthouse or the other party was merely engaged in forum-shopping. *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 276 (2nd Cir. 2008). *See also Utica Mut. Ins. Co. v. Computer Scis. Corp.*, No. 5:03-CV-0400, 2004 WL 180252, at *3 (S.D.N.Y. Jan. 23, 2004) (finding that the first-filed rule would not apply because Utica had merely "raced to the courthouse first"). Neither is present here. To the contrary, Utica's actions demonstrate that it has been the party engaging in forum-shopping. This limited exception should not be used to deprive Wausau and National Casualty from the forum of their selection as the natural plaintiffs and as the parties that first brought action to enforce their rights.

Nor has Utica established that New York is the more convenient forum. It has submitted no credible evidence to support its bare contentions that the witnesses, the documents, or the operative facts exist in New York.[4] On the other hand, when faced with the same argument being made by Utica, Wausau and National Casualty have

---

and are thus not applicable here. (Utica Opp'n Mem. 11.) Controlling and relevant case law, on the other hand, supports the motion of Wausau and National Casualty.

[4] Here, Utica focuses on the wrong facts. The primary issue in dispute is the disqualification of Hunton & Williams. Where the arbitration agreements might have been executed is irrelevant. The relevant facts, however—those related to Hunton & Williams representation—occurred in Wisconsin and in Pennsylvania.

9

provided admissible evidence to show that its documents, its witnesses, and the facts relevant to the question of disqualification are located in Wisconsin.  (Weldon Aff., Ex. 5.)

Having failed to meet its burden in rebutting the first-filed rule, Utica's opposition to the application of that rule fails.  This action was properly brought in Wisconsin by Wisconsin corporations.  The injury caused by the ongoing adverse representation by Hunton & Williams occurred in Wisconsin and its ongoing impact will be felt there.  As such, the Wisconsin action should be allowed to proceed.  If the Court does not outright dismiss Utica's complaint, then, it should transfer this matter to the District of Wisconsin or, at a minimum, stay this action while Wisconsin is allowed to determine the proper outcome of the first-filed action.

**IV.     Wausau and National Casualty's Motions are Timely under the Federal Rules and under the New York Law on Which Utica Relies.**

In a final attempt to avoid any substantive resolution of the pertinent issues first raised in Wisconsin, Utica contends that Wausau and National Casualty's motions should be dismissed on a misreading of the interplay between New York and federal procedural rules.  Like all its other grounds to oppose the motion, this one fails as well.

Utica misrepresents the impact of its mailing of the complaint to the New York superintendent.  While the federal rules do not expressly provide for such form of service, they do allow a party to rely on a state-approved method of service.  In mailing the complaint to the New York superintendent, Utica relied on N.Y. Ins. Law § 1212 which allows a plaintiff to begin service by delivering a copy of the complaint to the insurance

superintendent. The statute goes further, though, requiring the superintendent to deliver the complaint to the person designated by the out-of-state defendant to complete such service. *Id.* at 1212(e).

Completing this state-sanctioned procedure then, the complaint was delivered to Wausau on September 4, 2012, and to National Casualty on September 5, 2012, each through its designated agent for service in New York. (Weldon Aff., Exs. 6-7.) Given those dates of actual service, Wausau did not need to respond until September 25 and National Casualty did not need to respond until 26. The motion filed by both on September 24, then, was timely.

Even were the Court to apply a different timing rule in light of the misalignment of state and federal law, the Court should proceed to the merits of the pending procedural issues given that Wausau and National Casualty have presented substantive and meritorious defenses to the claims made by Utica. *See, e.g., Hosp. for Joint Diseases v. Lincoln Gen. Ins. Co.*, 55 A.D.3d 543, 544 (affirming vacating of default judgment based on date when defendant received notice and fact that defendant presented a meritorious defense). Moreover, this case is nothing like the single case, one from the District of Nevada, that Utica cites to support its request for dismissal. (Utica Opp'n Mem. 6.) In that case, the defendant did not move to dismiss until three years after the deadline for filing of pretrial motions. *United States v. Davis*, No. 2:09-CR-78, 2012 WL 2995684 (D. Nev. July 23, 2012). No such circumstances are present here and Utica's argument to the contrary must be rejected.

## Conclusion

Wausau and National Casualty's motion should be granted. Utica has failed to establish that this Court has jurisdiction, it has failed to state a cognizable claim under the FAA, and the action first filed by Wausau and National Casualty in Wisconsin should be allowed to proceed so that the parties can move forward to a final and substantive resolution of the disqualification issue. Utica's Complaint should be dismissed.


Date:  October 26, 2012              RUPP, BAASE, PFALZGRAF,
                                                                CUNNINGHAM & COPPOLA LLC

                                                                By  s/ Marco Cercone
                                                                    Marco Cercone
                                                                1600 Liberty Building
                                                                Buffalo, NY  14202
                                                                Telephone:  716-854-3400
                                                                Fax:  716-332-0336
                                                                cercone@ruppbaase.com

                                                                -and-

                                                                Keith A. Dotseth  (#210304)
                                                                Melissa M. Weldon  (#275499)
                                                                 LARSON · KING, LLP
                                                                2800 Wells Fargo Place
                                                                30 East Seventh Street
                                                                St. Paul, Minnesota  55101
                                                                Telephone:  (651) 312-6500
                                                                Facsimile:  (651) 312-6618

                                                                **ATTORNEYS FOR DEFENDANTS**

LK 1349858-v1